1
2
3
4
5
6
7

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 2 7 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _shy_          DEPUTY

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10               EASTERN DIVISION

11

12 | JOHN WILLIAM JOHNSTON,                ) Case No.  EDCV 12-00969 CAS (AN)
                                          )
13 |          Petitioner,                  ) **ORDER TO SHOW CAUSE RE**
                                          ) **DISMISSAL OF PETITION FOR**
14 |     v.                                ) **WRIT OF HABEAS CORPUS BY A**
                                          ) **PERSON IN STATE CUSTODY AS**
15 | KEVIN R. CHAPPELL, Warden,           ) **TIME-BARRED**
                                          )
16 |          Respondent.                  )
                                          )
17 | _____ )

18                    **I. BACKGROUND**

19        Before the Court is a petition for writ of habeas corpus ("Petition") brought by

20 John William Johnston ("Petitioner"), a state prisoner proceeding *pro se*. The Petition

21 is brought pursuant to 28 U.S.C. § 2254 and raises three claims directed at Petitioner's

22 October 7, 2005 conviction by guilty plea in the California Superior Court for

23 Riverside County (case no. RIF114060) of assault with a deadly weapon, corporal

24 injury to a spouse, and a personal use of a firearm enhancement. He was sentenced to

25 a term of 12 years in state prison. For the reasons set forth below, Petitioner is ordered

26 to show cause why his Petition should not be dismissed with prejudice because it is

27 time-barred.

28 ///

1 | **II. DISCUSSION**

2 | **A.    Standard of Review**

3 |         Habeas Rule 4 of the Rules Governing Section 2254 Cases in the United States

4 | District Courts ("Habeas Rules"), 28 U.S.C. foll. § 2254, requires a judge to "promptly

5 | examine" a habeas petition and "[i]f it plainly appears from the petition and any

6 | attached exhibits that the petitioner is not entitled to relief in the district court, the

7 | judge must dismiss the petition and direct the clerk to notify the petitioner." Local Rule

8 | 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a

9 | petition for writ of habeas corpus, and if it plainly appears from the face of the petition

10 | and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate

11 | Judge may prepare a proposed order for summary dismissal and submit it and a

12 | proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely

13 | habeas petition may be dismissed *sua sponte*, however, the district court must give the

14 | petitioner adequate notice and an opportunity to respond before doing so. *Day v.*

15 | *McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d

16 | 1039, 1043 (9th Cir. 2001); *see also Wood v. Milyard*, --- U.S. ---, 132 S. Ct. 1826,

17 | 1834 (2012) (reaffirming *Day*'s holding that district courts are permitted to consider,

18 | *sua sponte*, the timeliness of a state prisoner's habeas petition, and itself holding that

19 | "courts of appeals, like district courts, have the authority - though not the obligation -

20 | to raise a forfeited timeliness defense on their own initiative.").

21 | **B.    Statute of Limitations**

22 |         The Petition is governed by the Antiterrorism and Effective Death Penalty Act

23 | of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state

24 | prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1); *see Lindh*

25 | *v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997). In most cases, the limitations

26 | period is triggered by "the date on which the judgment became final by conclusion of

27 | direct review or the expiration of the time for seeking such review." 28 U.S.C. §

28 | 2244(d)(1)(A).

1    The face of the Petition and relevant state court records[1] establish the following
2  relevant facts. Petitioner was convicted of the above offenses and sentenced on October
3  7, 2005. On May 16, 2006, the California Court of Appeal affirmed the judgment of
4  conviction (case no. E039542). Petitioner did not file a petition for review of that
5  decision in the California Supreme Court. (Pet. at 2-3; state court records.) Thus, for
6  purposes of AEDPA's limitations period, his conviction became final on June 25, 2006,
7  the fortieth day after the California Court of Appeal affirmed the judgment. *See* CAL.
8  CT. R. 8.366(b)(1); 8.500(e)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008);
9  *Duncan*, 297 F.3d at 812-13.

10    The statute of limitations then started to run the next day, on June 26, 2006, and
11  ended a year later on June 25, 2007. 28 U.S.C. § 2244(d)(1)(A); *see also Patterson v.*
12  *Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run
13  on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Petitioner did not
14  constructively file his pending Petition until June 7, 2012 -- 1,809 days (nearly five
15  years) after the expiration of the limitations period.[2] Accordingly, absent some basis
16  for tolling or an alternative start date to the limitations period under 28 U.S.C. §

17  _____

18    [1]    The Court takes judicial notice of Petitioner's records in the California
Superior Court for Riverside County, which are available on the Internet at
19  http://public-access.riverside.courts.ca.gov, and in the state appellate courts, which are
20  available at http://appellatecases.courtinfo.ca.gov ("state court records"). *See Smith v.*
*Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial
21  notice of relevant state court records), *overruled on other grounds as recognized in*
22  *Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

23    [2]    Pursuant to the "mailbox rule," a *pro se* prisoner's federal habeas petition is
24  deemed to be filed on the date the prisoner delivers the petition to prison authorities for
mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988);
25  *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001); *see also* Habeas Rule 3(d). For
26  purposes of the timeliness analysis, and absent any evidence to the contrary, the Court
finds Petitioner constructively filed the Petition by delivering it to the prison mail
27  system on June 7, 2012, which is the postmark date reflected on the envelope
28  containing the Petition.

1  2244(d)(1), the pending Petition is time-barred.

2  **C.    Statutory Tolling**

3         AEDPA includes a statutory tolling provision that suspends the limitations
4  period for the time during which a "properly-filed" application for post-conviction or
5  other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip*,
6  548 F.3d at 734; *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application
7  is "pending" until it has achieved final resolution through the state's post-conviction
8  procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The
9  limitations period is not tolled between the time a final decision is issued on direct state
10 appeal and the time a state collateral challenge is filed because there is no case
11 "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007);
12 *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however,
13 "intervals between a lower court decision and a filing of a new petition in a higher
14 court," when reasonable, fall "within the scope of the statutory word 'pending'" thus
15 tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S.
16 189, 192, 126 S. Ct. 846 (2006).

17        The face of the Petition, exhibits, and relevant state court records establish
18 Petitioner filed three state habeas petitions, one in the superior court (case no.
19 RIC472250), one in the state court of appeal (case no. E043846), and one in the
20 California Supreme Court (case no. S196305). Petitioner represents that the first of
21 those petitions was constructively filed on May 15, 2007.[3] (Pet. at 4.) That petition was
22 denied on June 15, 2007. His second state habeas petition was constructively filed in
23 the state court of appeal on July 20, 2007, and denied on August 29, 2007. Given 106
24 days for the pendency of both of those petitions, as well as the interval between them,
25 the expiration of the AEDPA limitations period was extended from June 25, 2007, to

---

27    [3]    The mailbox rule also applies to *pro se* state habeas petitions. *Stillman v.*
28 *Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

Page 4

October 9, 2007. (Pet. at 3-4, Exs. G&H; state court records.) The pending Petition, constructively filed on June 7, 2012, is still untimely by 1,703 days.

Petitioner is not entitled to interval tolling between the denial of his second and the filing of his third state habeas petition because the interval was unreasonably long. As stated above, intervals between a lower court decision and the filing of a new petition in a higher court toll the limitations period, but only *where reasonable*. *Saffold*, 536 U.S. at 221, 223; *Evans*, 546 U.S. at 192. However, here, the court of appeal issued its decision on August 29, 2007, and Petitioner did not constructively file his habeas petition in the California Supreme Court until September 7, 2011 (Pet. at 4), 1,470 days (more than four years) later. That interval was "substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions, and [Petitioner has] offered no justification for the delay[] as required under California law." *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding that intervals of 115 and 101 days were unreasonable and did not qualify for statutory tolling) (citations omitted); *see also Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (holding that a 146-day interval was unreasonable). As a result, Petitioner is not entitled to interval tolling between the denial of his second state habeas petition in the court of appeal and the filing of his third state habeas petition in the state's highest court.

Moreover, without interval tolling, Petitioner is also not entitled to any statutory tolling for the pendency of his third and final state habeas petition in the California Supreme Court because that petition was not constructively filed until September 7, 2011, 1,429 days after the extended limitations period expired on October 9, 2007. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

///

1   Despite receiving the statutory tolling to which he is entitled, Petitioner's
2   pending Petition is still untimely.

3   **D.      Alternative Start of the Statute of Limitations**

4       **1.      State-Created Impediment**

5        In rare instances, AEDPA's one-year limitations period can run from "the date
6   on which the impediment to filing an application created by State action in violation
7   of the Constitution or laws of the United States is removed, if the applicant was
8   prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting the
9   statute of limitations was delayed by a state-created impediment requires a due process
10  violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). Petitioner's filings do not
11  set forth any facts that show he is entitled to relief under this provision.

12      **2.      Newly Recognized Constitutional Right**

13       AEDPA provides that, if a claim is based upon a constitutional right that is
14  newly recognized and applied retroactively to habeas cases by the United States
15  Supreme Court, the one-year limitations period begins to run on the date which the new
16  right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).
17  Petitioner's filings do not set forth any facts that show he is entitled to relief under this
18  provision.

19      **3.      Discovery of Factual Predicate**

20       AEDPA also provides that, in certain cases, its one-year limitations period shall
21  run from "the date on which the factual predicate of the claim or claims presented could
22  have been discovered through the exercise of due diligence." 28 U.S.C. §
23  2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Petitioner's
24  filings do not set forth any facts that show Petitioner is entitled to an alternate start date
25  to the limitations period based upon the late discovery of the factual predicate.

26  ///
27  ///
28  ///

Page 6

**E.      Equitable Tolling**

AEDPA's limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, --- U.S. ---, 130 S. Ct. 2549, 2560 (2010). However, "[e]quitable tolling is justified in few cases" and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (*quoting Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)).

"[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005); *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007). *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006); *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time"). The petitioner must also demonstrate that he exercised reasonable diligence after the extraordinary circumstances began, otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." *Spitsyn*, 345 F.3d at 802. *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). Further, equitable tolling determinations are "highly fact-dependent," *Mendoza*, 449 F.3d at 1068, and the petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

1    Petitioner does not expressly make an equitable tolling argument in the Petition.
2  However, in his attached declaration, he claims that he has been diagnosed with bipolar
3  disorder and post traumatic stress disorder, and that from February 22, 2006, until
4  March 9, 2011, he was "in the prison system's mental health delivery system." (Pet.,
5  attached Decl. at ¶ 46.) Attached as Exhibits J and K to the Petition are some, but not
6  all, of his medical records that reveal some of his history of mental health and alcohol
7  problems, and show he has been treated with lithium to control the bipolar disorder.

8    However, to the extent Petitioner seeks equitable tolling based upon his
9  psychiatric history, his attached medical records establish he cannot satisfy both of
10  *Pace*'s requirements. *Pace*, 544 U.S. at 418. More specifically, even assuming without
11  finding that further development of the record would show Petitioner suffered a
12  debilitating mental disorder at some point during the relevant period,[4] his medical
13  records establish that he has not been pursuing his rights diligently because he has been
14  functioning normally since at least September 7, 2010. *Spitsyn*, 345 F.3d at 802 (unless
15  the petitioner exercises reasonable diligence in attempting to file his habeas petition,
16  the link of causation between the alleged extraordinary circumstances and the failure
17  to file is broken).

18

19
_____

20    [4]    It appears unlikely that Petitioner can show he had a mental disorder so
debilitating that it prevented a timely filing, even with a more developed record, since
21  nothing of that magnitude appears in any of Petitioner's exhibits. Indeed, he filed two
22  state habeas petitions and a supplemental brief on direct appeal while he was in the
prison treatment program. *See Elmore v. Brown*, 378 Fed. Appx. 664, 666 (9th Cir.
23  2010) (no abuse of discretion in denying equitable tolling where the record reflected the
24  petitioner was "managing his legal affair" during the relevant period by filing prison
grievances and a state habeas petition, and writing a letter to his appellate attorney)
25  (cited pursuant to Ninth Circuit Rule 36-3). However, because "we do not require [the
26  petitioner] to carry a burden of persuasion at this stage in order to merit further
investigation into the merits of his argument for [equitable] tolling," *Laws v. Lamarque*,
27  351 F.3d 919, 924 (9th Cir. 2003), the Court's analysis in this Order to Show Cause
28  only concerns facts affirmatively established by Petitioner's exhibits.

1         Petitioner's March 18, 2010 psychological evaluation shows he felt he was
2    "doing well," and had no adverse mental health symptoms. At that time he was taking
3    college-level courses in pharmacology. Another evaluation on June 8, 2010 shows
4    Petitioner was again "doing well," had successfully completed his college course in
5    pharmacology as well as one other course, and was about to start an algebra course. His
6    next evaluation, on September 7, 2010, reflects that he discontinued taking lithium for
7    bipolar disorder because he found "his mood [was] manageable without medication,"
8    and although he still experienced "racing thoughts, accelerated speech, and
9    hyperverbalism," he did not believe they interfered with his functioning. At that time
10   he was studying U.S. history and political science, and was on the 7th step of his own
11   12-step program. Finally, the Mental Health Removal Chrono reflecting Petitioner's
12   March 9, 2011 release from his prison mental health treatment program states that he
13   "has been in remission and free of psychotropic medication for six months." (Pet., Ex.
14   K at 6-12, 16.)

15        Petitioner's exhibits establish that he has been functioning normally since March
16   18, 2010, and has not required medication for any mental disorder since September 7,
17   2010. Yet, Petitioner failed to file anything for an entire year after that, and his pending
18   Petition was not constructively filed until June 7, 2012, approximately 21 months later.
19   As a result, he is not entitled to equitable tolling based on any mental incapacity
20   because he did not pursue his rights diligently in the absence of the extraordinary
21   circumstance. *Spitsyn*, 345 F.3d at 802; *see also Roberts v. Marshall*, 627 F.3d 768,
22   772-73 (9th Cir. 2010) (where the petitioner attached "extensive medical records that
23   indicated [the petitioner's] relevant mental functions were either 'good' or 'within
24   normal limits,'" the district court did not abuse its discretion by evaluating that
25   evidence and denying equitable tolling).

26        The face of the Petition and the attached exhibits establish Petitioner is not
27   entitled to equitable tolling.

28   ///

# O R D E R

Based on the foregoing, the Court finds this action is untimely. Accordingly, Petitioner shall have until **July 17, 2012**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any properly authenticated exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to respond and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred.**

**Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should consider filing a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: June 27, 2012

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE